David A. Bateman
Preston Gates & Ellis, LLP
925 Fourth Ave., Suite 2900
Seattle, WA 98104
(206) 623-7580

Honorable Edward F. Shea

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 22 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| BETTY WASKO,<br><br>                    Plaintiff,<br><br>v.<br><br>CHICAGO TITLE INSURANCE<br>COMPANY, a foreign corporation,<br><br>                    Defendant. | No.   CV-04-0364-EFS<br><br>STIPULATED PROTECTIVE<br>ORDER REGARDING<br>CONFIDENTIAL<br>INFORMATION |

Plaintiff Betty Wasko ("plaintiff") and defendant Chicago Title Insurance

Company ("defendant") through their respective counsel of record, hereby

stipulate to this Protective Order Regarding Confidential Information

("Protective Order") as follows:

1.    Confidential Information. "Confidential Information" as used in

this Protective Order shall mean any information disclosed in this proceeding,

whether disclosed in an interrogatory answer, during a deposition or other

testimony, in a document, or otherwise, that any party or third-party reasonably

and in good faith designates as "Confidential" irrespective of by whom

produced and which relates to the following types of proprietary information:

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION - 1

K:\47571\00056\KMPM\KMPMP20F7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  technical information, trade secrets, financial information, operational

2  information, business plans, personnel information and health care information.

3

4  If sensitive proprietary information is sought from a party, that party reserves

5  the right to petition the Court for such additional protections from disclosure as

6  may be necessary.

7

8  Any Confidential Information as defined above may be designated as

9  Confidential by marking the term "Confidential" upon written documents or by

10  a statement to that effect at the time of deposition or other testimony is taken.

11

12  The designation of all or any portion of any testimony as "Confidential" extends

13  to the transcript of such testimony and any notes or recollections of such

14  testimony.  Within thirty (30) days of receipt of each transcript from the court

15

16  reporter, the party that designated, at the time of testimony, or wishes to

17  designate any portion of that testimony as confidential must provide written

18  notice to all parties of the specific pages and/or exhibits so designated.  Unless

19

20  otherwise agreed by counsel or ordered by the Court, and subject to Paragraph 2

21  below, if no written designation is provided within thirty (30) days, no portion

22  of the transcript shall have a confidentiality designation.  Prior to such

23

24  designation or expiration of the thirty (30) day period, the entire deposition

25  transcript shall be deemed confidential information.

26

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION - 2

K:\4757 1\00056\KMPM\KMPMP20F7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

2. <u>Reasonable Efforts</u>. The parties and third-parties shall use reasonable and good faith efforts to designate Confidential Information only as necessary to protect their respective legitimate interests. If any information, including testimony, is initially undesignated and a party later determines that the information is confidential, it shall notify the other parties, and third-parties if necessary, of the new Confidential Information designation. The new designation will be effective upon receipt of such notification.

3. <u>Filing Confidential Information With The Court</u>. All Confidential Information, or any pleadings or memoranda or other documents purporting to reproduce, summarize or paraphrase Confidential Information shall, when filed with the Court be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the word "CONFIDENTIAL" and a statement substantially in the following form:

> Filed pursuant to Stipulated Protective Order Regarding Confidential Information by [name of filing Party]. Not to be opened or the contents revealed except: (1) to the Court and then resealed; (2) by written agreement of all the parties; or (3) by Order of the Court.

4. <u>Persons Bound By This Order</u>. The persons bound by this order are:

   a. All present parties to this proceeding;

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION - 3

K:\4757 1\00056\KMPM\KMPMP20F7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

b.    All individuals, corporations or other entities who later appear as parties to this proceeding;

c.    The employees, witnesses, agents, and attorneys of both parties, including experts and consultants; and

d.    All third-party respondents to any discovery request by either party.

5.    <u>Obligations of Persons Bound By This Protective Order</u>.  No person bound by this Protective Order shall disclose Confidential Information, either directly or indirectly, to any other person other than as provided in paragraph 6 below.  No person bound by this Protective Order shall use Confidential Information for any purpose other than the prosecution or defense of this proceeding filed in the United States District Court, Eastern District of Washington.  The attorneys of record for the parties to this proceeding shall make the terms of this Protective Order known to all other persons bound by this Protective Order and, together with their respective clients, are responsible to this Court for compliance with this Protective Order.

6.    <u>Persons Who May Receive Confidential Information</u>.  The only persons to whom Confidential Information may be disclosed are:

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION - 4

K:\4757 1\00056\KMPM\KMPMP20F7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE. (206) 623-7580
FACSIMILE: (206) 623-7022

a.     Parties and attorneys of record for any parties to this proceeding, including the paralegals, stenographic and clerical employees associated with the attorneys;

b.     Members of any party's in-house legal staff, including attorneys, paralegals and staff, who are involved in this proceeding;

c.     Third-party experts, consultants and investigators who are assisting the Parties or the attorneys in this proceeding; however, prior to disclosure of any Confidential Information, such third-parties shall agree to be bound by this Protective Order and read and sign an assurance in writing in the form attached as Exhibit A;

d.     Any deponent or any person that a document, on its face, indicates has previously seen or has been sent the confidential information (such as authors, recipients, and copy holders);

e.     Any person upon the written agreement of both parties' attorneys, or upon Order of the Court, and subject to the terms of Paragraph 10 below;

f.     The Court;

g.     Any potential witness by attorneys of record for any parties to this proceeding so long as such potential witness agrees in writing to be

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION - 5

K:\47571\00056\KMPM\KMPMP20F7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

bound in writing by this Protective Order, reads and signs an assurance in writing in the form attached as Exhibit A, and that signed form is maintained throughout the proceeding by the attorneys of record who have disclosed the confidential information to such potential witness.

No Confidential Information may be disclosed, either directly or indirectly, except to the persons specified above in 6(a) to 6(g).

7.      Disputed Confidential Information Designation.  If any party to the proceeding believes that designated Confidential Information should not be subject to this Protective Order, the party may provide written notification to the other party.  The notice shall clearly specify the designated information and the reason(s) for the belief that the designated information is not properly subject to this Protective Order.  The party giving such notice shall not divulge the disputed Confidential Information for fourteen (14) days following service of such notice by the objecting party on the other party.  Thereafter, the party contending the information is subject to this Protective Order may bring a motion seeking an Order of this Court that the designated Confidential Information is properly subject to this Protective Order.  If such a motion is brought, the disputed Confidential Information shall remain subject to this Protective Order until the Court makes its determination.  At the time for

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION - 6
K:\47571\00056\KMPM\KMPMP20F7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

hearing any such motion, the Party asserting confidentiality shall have the

burden of going forward with evidence to show that the disputed information is

confidential and should be subject to this Protective Order.  Any hearing on such

motion will be heard *in camera* by the Court.  If no motion is brought within the

time period designated above in this paragraph, the disputed information will no

longer be subject to the provisions of this Protective Order.

8.      Amendments of Protective Order.  Any party may move for relief

from or modification of this Protective Order, including the application of this

Protective Order and/or the mechanism and need for maintaining confidentiality

as provided in this Protective Order.  This Protective Order may be amended by

Order of the Court or with leave of Court by the written agreement of counsel

for the parties to this Protective Order and any pertinent third-parties in the form

of a stipulation.

9.      Duration of Protective Order.  This Protective Order is intended to

regulate the handling of Confidential Information during the entirety of this

proceeding and thereafter, and shall remain in full force and effect until

modified, superseded or terminated on the record by agreement of all the parties

to this proceeding and any pertinent third parties or by Order of the Court except

that, if at trial a party offers any Confidential Information as a trial exhibit, that

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION - 7

K:\4757\1\00056\KMPM\KMPMP20F7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

exhibit and the information contained therein shall not be treated as confidential.

This Protective Order shall become effective as between the parties when

executed and with the Court's entry of same.  Further, at any hearing before the

Judge in this proceeding and any hearing or event other than trial at which any

Confidential Information will be presented in Court, any party may ask the

Court, for such periods as the Confidential Information is being presented, to

consider such information *in camera*, under seal, and under such other

conditions and safeguards as the Court may impose to protect against disclosure.

If any member of the public or a party objects to such, the Court may make an

initial *in camera* determination as to whether Confidential Information is likely

to be disclosed.

      10.    Continued Jurisdiction.  The Parties and all persons subject to the

terms of this Order agree that this Court shall retain jurisdiction, after this action

has terminated, for the purpose of enforcing this Protective Order.

      11.    Miscellaneous.

      a.    The information protected by this Protective Order is the

substance of the Confidential Information, no matter what form the information

is in and no matter how the information might be communicated.  The parties do

not intend to in any way waive the assertion of confidentiality and hereby

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION - 8

K:\47571\00056\KMPM\KMPMP20F7

PRESTON GATES & ELLIS I LP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE. (206) 623-7580
FACSIMILE: (206) 623-7022

1 expressly reserve their rights to assert and preserve the confidentiality of any

2 information disclosed in this Proceeding that is not designated as Confidential

3
4 Information pursuant to this Protective Order.

5          b.       Recipients of Confidential Information pursuant to this

6 Protective Order shall exercise reasonable and appropriate care with regard to

7
8 such Confidential Information to ensure that the confidential nature of the same

9 is maintained.

10          c.       In the event any person in receipt of Confidential
11
12 Information shall receive a written or oral request, subpoena, or court order

13 seeking disclosure or another party's Confidential Information, such person shall

14
   immediately upon receipt of such request, subpoena, or court order notify
15
16 counsel for the designating party that produced the Confidential Information of

17 same and shall provide a copy of same if applicable.  Except in the case of an

18
   order requiring immediate production of the requested information, neither party
19
20 shall disclose the other party's Confidential Information without giving the other

21 party an opportunity to seek from this Court an order governing disclosure of the

22
   requested information.
23
24          d.       If Confidential Information is disclosed to any person other

25 than in the manner authorized by this Protective Order, the person responsible

26

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION - 9

K:\4757\\00056\KMPM\KMPMP20F7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  for the disclosure shall immediately bring all the pertinent facts relating to such

2  disclosure to the attention of counsel for all parties and the Court, without

3  

4  prejudice to the rights and remedies of any party, and shall make every effort to

5  prevent further disclosure by it or by the person who received such Confidential

6  Information.

7  

8          e.      This Protective Order is made to facilitate discovery and the

9  production of discoverable evidence in this action.  Neither the entry of this

10 Protective Order, the designation of any information as Confidential Information

11 under the Order, the failure to make such designation, or the failure to object to

12 such designation by either party shall constitute evidence with respect to any

13 issue in this litigation.  This Protective Order shall not abrogate or diminish any

14 

15 contractual, statutory or other legal right or obligation any party may have with

16 respect to information disclosed in this matter.

17 

18         f.      Within thirty (30) days of final termination of this action and

19 except as may be required by subpoena or Court Order, each party or other

20 

21 individual that received Confidential Information subject to this Protective

22 Order shall be under an obligation to assemble and return to the disclosing party,

23 

24 or to destroy, should the disclosing party so permit, all Confidential Information

25 obtained from the disclosing party, including any and all copies thereof.  The

26 

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION - 10

K:\4757\00056\KMPM\KMPMP20F7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

receiving party shall provide written notice of the return or destruction of any such Confidential Information, and the disclosing party shall issue written acknowledgment of the same. Notwithstanding the foregoing provisions of this Paragraph, counsel of record for each party shall be entitled to retain all memoranda prepared by them which contain Confidential Information, and litigation and court documents containing Confidential Information that became part of the record in this action, including pleadings, briefs, and exhibits, but such memoranda and litigation documents shall be used only for the purpose of preserving a record of the action and shall not, without the written permission of the opposing party or an order of this Court, be used for any other purpose.

g.    Any party or person who knowingly violates this Protective Order may be held in contempt of this Court. The Court and parties preserve the right to order or seek an award of such other relief as is appropriate for such disclosure.

///

///

///

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION - 11

K:\47571\00056\KMPM\KMPMP20F7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  DATED this 18th day of _May_ , 2005.

2  PRESTON GATES & ELLIS LLP          HANSEN LAW FIRM

3

4

5  David A. Bateman, WSBA #14262          Nels Hansen, WSBA #3880

6  Attorneys for Defendant Chicago          Attorney for Plaintiff

7  Title Insurance Company

8

9  IT IS SO ORDERED.

10  DATED this 16 day of _June_ , 2005.

11

12

13

14  Honorable Edward F. Shea

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION - 12

K:\47571\00056\KMPM\KMPMP20F7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## EXHIBIT A

WRITTEN ASSURANCE FOR INFORMATION RECIPIENT

I, _____, hereby declare as follows:

1.    I am a representative designated by _____,

a party to this action, pursuant to the Stipulated Protective Order Regarding

Confidential Information ("Protective Order") of this Court entered in this case

on _____, 2005.

2.    A copy of the Protective Order has been delivered to me and has

been carefully reviewed by me.

3.    I fully agree to abide by the obligations and conditions set forth in

the Protective Order including, but not limited to, the condition that I will not

disclose any Confidential Information, as defined in the Protective Order, to

which I have been given access other than pursuant to the Protective Order.  I

further will not use any Confidential Information for any purpose other than the

purpose of this litigation.

4.    I further subject myself to the continuing jurisdiction of the United

States District Court, Eastern District of Washington, for the purpose of

proceedings relating to my performance under, compliance with, or violation of

said Protective Order.

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION - 13

K:\47571\000S6\KMPM\KMPMP20F7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   I hereby declare under penalty of perjury of the laws of the state of

2   Washington that the foregoing is true and correct.

3

4       DATED this _____ day of _____, 2005, at

5   _____.

6

7

8                         _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL
INFORMATION - 14

K:\47571\00056\KMPM\KMPMP20F7

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022