UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BETTY WASKO,

                    Plaintiff,

          v.

CHICAGO TITLE INSURANCE
COMPANY, a foreign
corporation,

                    Defendant.

NO. CV-04-0364-EFS

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ON
ALL CLAIMS**

     BEFORE THE COURT, without oral argument, is Defendant Chicago Title Insurance Co.'s ("Chicago Title's") Motion for Summary Judgment on All Claims (Ct. Rec. 14).  After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants Chicago Title's motion and dismisses Plaintiff's case for the reasons described below.

**I. Background**

     In 1989, Plaintiff was hired as an accountant by an Ephrata company later acquired by Chicago Title.[1]  In March 2003, Plaintiff was informed

---

     [1] Chicago Title was subsequently acquired by Fidelity National Financial, Inc. ("Fidelity").  However, for the purposes of this Order, all conduct of and decisions made by Fidelity after the acquisition of

ORDER ~ 1

by her supervisor, Ms. Anita Gruchalla, that Chicago Title planned to relocate its Ephrata office's accounting functions to Chicago Title's Seattle office.  In late-August 2003, after Plaintiff had assisted in the process of relocating the Ephrata office's accounting functions to the Seattle office, she took a two-week vacation.  When Plaintiff returned to work after her vacation, she was informed her position had been eliminated as a result of the consolidation she had assisted with and that she had been laid off.  In total, Chicago Title laid off eight Ephrata office employees between September 2003 and January 2004.  This group of employees include several under the age of forty.

**II. Age Discrimination Claim**

In Washington, to prevail in an age discrimination action, a plaintiff must establish a *prima facie* case of discrimination by producing "evidence to support findings that he (1) was between 40 and 70 years old, (2) was discharged, (3) was doing satisfactory work, and (4) was replaced by a younger person." *Hume v. Am. Disposal Co.*, 124 Wash. 2d 656, 686 (1994) (citing *Grimwood v. Univ. of Puget Sound, Inc.*, 110 Wash. 2d 355, 362 (1988)).  The production of such evidence gives rise to a rebuttable presumption of age discrimination. *Id.*  If a *prima facie* case is established, the defendant is afforded an opportunity to rebut the presumption of discrimination "with evidence that the discharge was for nondiscriminatory reasons." *Id.* (citing *Carle v. McCord Credit Union*, 65 Wash. App. 93, 100 (1992)).  If the defendant is able to

Chicago Title will be referred to as conduct of and decisions made by Chicago Title.

ORDER ~ 2

produce evidence of a nondiscriminatory reason for the termination, the plaintiff is then required to "produce sufficient evidence that defendant's alleged nondiscriminatory reason for discharge was a pretext." *Id.* (citing *Grimwood*, 110 Wash. 2d at 364).

Chicago Title argues it is entitled to summary judgment on Plaintiff's claim of age discrimination because Plaintiff is unable to present evidence (1) she was replaced by a younger person or (2) that Chicago Title's nondiscriminatory reason for discharge was pretextual.

**A. Plaintiff's Prima Facie Case of Discrimination**

To meet her burden of establishing the fourth prong of a *prima facie* case of age discrimination, a plaintiff generally must produce evidence she was replaced by a younger person. *Grimwood*, 110 Wash. 2d at 362. However, Washington courts have indicated that this and all other *prima facie* elements are not intended "to be either 'rigid, mechanized, or ritualistic,' or the exclusive method of proving a claim." *Hatfield v. Columbia Fed. Sav. Bank*, 57 Wash. App. 876, 882 (1990) (citing *Grimwood*, 110 Wash. 2d at 363). Instead, the "ultimate issue is whether age was a factor in a decision of an employer to terminate [a] . . . claimant and whether the age of claimant made a difference in determining whether [she] was to be retained or discharged." *Id.* (quoting *Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66, 70 (6th Cir. 1982)).

Here, Chicago Title argues it is entitled to summary judgment on Plaintiff's age discrimination claim because Plaintiff failed to produce evidence she was replaced by a younger person and consequently establish the fourth element of a necessary *prima facie* case of age discrimination. Although Chicago Title correctly recognizes Plaintiff's failure to

produce evidence she was replaced by a younger person, the Court nonetheless denies Defendant's request for summary judgment on this issue because doing so would inappropriately treat the fourth *prima facie* element as the exclusive method of proving an age discrimination claim.

As noted in *Hatfield*, there are other ways an employer can discriminate against an employee based on age that do not necessarily involve the employee's replacement by a younger person. Thus, Plaintiff need not produce evidence she was replaced by a younger person to establish a *prima facie* case of age discrimination, so long as she produces some form of evidence that age was a factor in Chicago Title's decision to terminate her employment. Here, the Court finds sufficient evidence has been presented to establish the fourth *prima facie* element. Specifically, Plaintiff has produced evidence that (1) Chicago Title management expressed interest in "upgrading the appearance of the office[;]" (2) all employees over forty years of age, with the exception of one, were laid off or forced to leave; and (3) four employees under the age of forty were initially laid off, but rehired soon thereafter. (Ct. Rec. 28.)  These facts, if found by the finder-of-fact, could reasonably lead to the conclusion Chicago Title discharged Plaintiff, at least in part, due to her age.  Thus, Chicago Title's request for summary judgment on this issue is denied.

**B. Existence of a Nondiscriminatory Reason for Plaintiff's Discharge**

Once a plaintiff has produced sufficient evidence to establish a *prima facie* case and the consequential presumption of age discrimination, the defendant is afforded the opportunity to rebut the presumption of discrimination "with evidence that the discharge was for

ORDER ~ 4

nondiscriminatory reasons." *Grimwood*, 110 Wash. 2d at 362.  One way to rebut the presumption of age discrimination is to produce evidence the plaintiff's position was eliminated. *Kohn v. Georgia-Pacific Corp.*, 69 Wash. App. 709, 726 (1993) ('Elimination of a position is, on its face, a non-discriminatory reason for discharge.")  In this case, because Chicago Title has produced evidence Plaintiff was discharged because her position was eliminated, the presumption of age discrimination has been rebutted.

### C. No Evidence of Pretext

After a defendant produces evidence a particular discharge was for nondiscriminatory reasons, the presumption of discrimination "drops out of the picture[,]" *Hill v. BCTI Income  Fund-I*, 144 Wash. 2d 172, 182 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510 (1993)), and the plaintiff is required to produce sufficient evidence that the defendant's alleged nondiscriminatory reason for discharge was merely pretext for a discriminatory purpose. *Grimwood*, 110 Wash. 2d at 364. Only if the plaintiff has produced such evidence should the case be submitted to the finder-of-fact. *Hume*, 124 Wash. 2d at 667-68.

"In age discrimination cases, a plaintiff may demonstrate pretext or discriminatory intent by showing disparate treatment. . . ." *Hume*, 124 Wash. 2d at 668.  When such a theory is advanced, the plaintiff must produce evidence she was treated differently than younger employees. *Id.* at 669.  However, a "plaintiff may cannot create a pretext issue without some evidence that the articulated reason for the employment decision is unworthy of belief." *Kuyper v. Wash.*, 79 Wash. App. 732, 738 (1995). "To do this, a plaintiff must show, for example, that the reason has no basis

in fact, it was not really a motivating factor for the decision, it lacks a temporal connection to the decision or was not a motivating factor in employment decisions for other employees in the same circumstances." *Id.* at 738-39.

Here, nothing in Plaintiff's declaration evidences that Chicago Title's explanation for Plaintiff's discharge was unworthy of belief. Although Plaintiff asserts her supervisor had expressed an interest in "upgrading the appearance of the office" and that younger employees were rehired after an initial lay-off, no evidence has been presented to discredit Chicago Title's explanation for why Plaintiff was discharged and not rehired. For example, Plaintiff has presented no evidence that (1) the elimination of Plaintiff's position was not a sound business decision, (2) Chicago Title was not financially motivated to relocate Plaintiff's job functions to a different office, or (3) Plaintiff's discharge was not temporally connected to the elimination of her position. Thus, because Plaintiff has produced no evidence to support a finding that Chicago Title's reason for discharge was pretext for a discriminatory purpose, summary judgment is granted to Chicago Title on Plaintiff's age discrimination claim.

**III. Wrongful Discharge Claim**

Chicago Title moves the Court for summary judgment on Plaintiff's claim of wrongful discharge in violation of public policy. Chicago Title argues Plaintiff's tort claim for wrongful discharge is subsumed by her statutory claim of age discrimination under R.C.W. § 49.44.090. The Court concurs with Chicago Title's assertion. Because Washington's age discrimination statute prohibits the same kind of conduct alleged in a

wrongful discharge tort claim, the tort is already covered by the statutory claim. *Bennett v. Hardy*, 113 Wash. 2d 912, 923 (1990) (declining to address wrongful discharge claims based on age because the implied cause of action under R.C.W. § 49.44.090 encompasses these claims). Thus, Chicago Title is granted summary judgment on Plaintiff's wrongful discharge claim.

**IV. Breach of Employment Contract Claim**

"Absent a contract or narrow exception, the general rule in Washington is that an employer or employee can terminate employment at-will." *Hubbard v. Spokane County*, 671 Wash. App. 671, 676 (2000). To survive Chicago Title's motion for summary judgment on her breach of employment contract claim, Plaintiff must establish she had a contract with Chicago Title or falls within a narrow exception that precluded her treatment as an "at-will" employee. Because Plaintiff is unable to establish either theory, as explained below, the Court grants Chicago Title summary judgment on Plaintiff's breach of employment contract claim.

**A. No Express Employment Contract**

Plaintiff has presented no evidence to establish the existence of an express employment contract with Chicago Title that would preclude Plaintiff from being treated as an at-will employee. To the contrary, a signed Acknowledgment of Employee document is offered by Chicago Title to conclusively prove Plaintiff was strictly employed on an at-will basis. (*See* Ct. Rec. 20, Ex. D.) In the document, Plaintiff acknowledges she understood her employment status with Chicago Title was "at-will." *Id.* ("My signature below certifies I understand that the foregoing

ORDER ~ 7

agreement on 'at-will' status is the sole and entire agreement which my employment may be terminated.") Accordingly, the Court finds as a matter of law that no express contract existed between Plaintiff and Chicago Title to create any employment relationship other than one that was at-will.

**B. No Implied Employment Contract**

"An express agreement affirming the terminable-at-will relationship precludes a party from claiming an implied contract to the contrary." *Hibbert v. Centennial Villas, Inc.*, 56 Wash. App. 889, 892 (1990). Here, because a express agreement exists in which Plaintiff acknowledges the "at-will" nature of her employment relationship with Chicago Title, she is precluded from establishing her employment relationship with Chicago Title was not at-will due to an implied employment contract.

**C. Plaintiff Does Not Fall Within a Narrow Exception**

An at-will employment relationship may be modified by an employer's promise of specific treatment in a specific situation made in an employee handbook. *Id.* However, to prove such a claim, a plaintiff must prove: (1) statements in her employee handbook amount to promises of specific treatment in specific situations; (2) the plaintiff relied on any such promises; and (3) promises of specific treatment were breached. *Bulman v. Safeway, Inc.*, 144 Wash. 2d 335, 344 (2001). In this case, because Plaintiff has admitted to never reading her employee handbook or knowing what was contained in the handbook, she cannot establish the second element of reliance described above. Thus, no breach of employment contract may be premised on alleged promises contained in Plaintiff's employee handbook.

ORDER ~ 8

**V. Conclusion**

For the reasons expressed above, the Court grants summary judgment to Chicago Title on Plaintiff's claims of age discrimination, wrongful discharge, and breach of employment contract and because no other claims are alleged in Plaintiff's Second Amended Complaint for Damages (Ct. Rec. 2-3 at 10-14) Plaintiff's case is dismissed with prejudice in its entirety.

Accordingly, **IT IS HEREBY ORDERED:**

1. Chicago Title's Motion for Summary Judgment on All Claims **(Ct. Rec. 14)** is **GRANTED.**

2. The District Court Executive is directed to **enter judgment in favor of Defendant** and to **close this file.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and provide a copy to counsel.

**DATED** this 28th day of November, 2005.

> S/ Edward F. Shea
> EDWARD F. SHEA
> United States District Judge

Q:\Civil\2004\0364.MSJ.wpd

ORDER ~ 9